UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AURELIO BRAVO-AGUILAR,<br><br>  Plaintiff<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>  Defendant | 2:15-cv-2045-JAD-PAL<br><br>**Order Granting Plaintiff's Motion to Remand**<br><br>[ECF 8] |

Plaintiff Aurelio Bravo-Aguilar sues State Farm Mutual Automobile Insurance for failing to pay underinsured/uninsured motorist benefits he demanded under his insurance policy after he was injured in a car accident.[1] State Farm removed the case to federal court based on diversity jurisdiction.[2] Bravo-Aguilar now moves to remand, arguing that the $25,000 policy limit he seeks is far below the $75,000 jurisdictional threshold.[3] Although he also claims tort and punitive damages that could exceed this policy limit, I grant Bravo-Aguilar's motion because there is no evidence that these additional claims would bring the total value of his suit above $75,000.

## Discussion

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court.[4] "Federal courts are courts of limited jurisdiction,"[5] and there is a strong presumption against removal jurisdiction. "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of

---

[1] ECF 1-1 at 3–5.

[2] ECF 1 at 2.

[3] ECF 8 at 3.

[4] 28 U.S.C. §§ 1332, 1441, 1446.

[5] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

removal in the first instance."[6] The defendant always has the burden of establishing that removal is proper.[7] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[8] If the amount of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[9] Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[10] Conclusory allegations do not overcome the presumption against removal jurisdiction, nor do they satisfy the defendant's burden of proving the amount in controversy.[11] The defendant, however, does not need to predict the trier of fact's eventual award with certainty.[12]

Bravo-Aguilar's State Farm policy provides up to $25,000 in coverage per person.[13] Although not arguing that the policy itself entitles him to more than this limit, Bravo-Aguilar seeks additional relief for State Farm's alleged failure to "fairly and promptly compensate" him.[14] Along with a contract claim, he sues for bad faith and requests punitive damages.[15] Bravo-Aguilar argues that he is "only entitled to one recovery" and that his multiple "causes of action

---

[6] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[7] *Id.*

[8] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[9] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[10] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[11] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

[12] *Id.*

[13] ECF 1-1 at 3; ECF 9 at 2.

[14] *Id.* at 5.

[15] *Id.* at 5–7.

cannot be stacked on top of each other to form a basis for removal."[16]  State Farm responds that Bravo-Aguilar's alleged "extra-contractual" bad-faith damages could satisfy the amount in controversy.[17]

Certain claims related to a contractual dispute can result in awards beyond ordinary contract damages.  Under Nevada law, a claim for tortious breach of the implied covenant of good faith and fair dealing can garner additional relief "where necessary to make the aggrieved, weaker, trusting party whole, and to fully punish the tortfeasor for his misdeeds."[18]  However, the Nevada Supreme Court has cautioned that these bad-faith actions are "limited to rare and exceptional cases."[19]  Because State Farm has not provided any evidence that Bravo-Aguilar's suit will likely merit these rare damages or that an award would be large enough to push the claim over the $75,000 threshold, the inclusion of this tort claim does not establish that the amount in controversy is met.

State Farm also argues that Bravo-Aguilar's alleged punitive damages "alone could very likely exceed $75,000 . . . ."[20]  But State Farm has not indicated why it believes an award of this size would be warranted, and mere speculation cannot establish that a claim meets the amount in controversy.[21]  I therefore find that State Farm has not met its burden of demonstrating that federal jurisdiction exists in this case.

---

[16]  ECF 8 at 2–3.

[17]  ECF 9 at 2.

[18]  *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997) (internal quotation marks omitted).

[19]  *Id*. at 354–55 (internal quotation marks omitted).

[20]  ECF 9 at 2.

[21]  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Bravo-Aguilar's Motion to Remand **[ECF 8]** is **GRANTED**. **This case is remanded back to the Eighth Judicial District Court, Case No. A-15-725001-C**, **Dept. 16**, and the Clerk of the Court is instructed to **close this case**.

DATED: February 11, 2016

_____
Jennifer A. Dorsey
United States District Judge